# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**BRENT CHARLES McJUNKINS**                                            **PETITIONER**
**ADC #181804**

V.                    No.  4:23-cv-01211-LPR-ERE

**DEXTER PAYNE, Director, Arkansas**
**Division of Correction**                                                      **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**I.    SUMMARY**

Brent Charles McJunkins, an inmate at the Ouachita River Unit of the Arkansas Division of Correction, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 2.* He claims that the Arkansas Post-Prison Transfer Board ("the Board") denied him parole for a two-year period in violation of Arkansas law and his federal right to due process. I recommend that the petition be dismissed with

prejudice because violations of state law are not cognizable in federal habeas and Mr. McJunkins lacks a constitutionally protected liberty interest in the possibility of parole.

## II. BACKGROUND

In July 2022, Mr. McJunkins was arrested and charged with aggravated assault and second-degree battery after he brandished a knife during a physical altercation with a Grant County, Arkansas sheriff's deputy. *Doc 8-2*. On December 15, 2022, a Grant County jury convicted Mr. McJunkins on both charges, and he was sentenced to serve six years in the ADC. *Doc. 8-1*. Mr. McJunkins did not appeal his conviction or sentence, nor did he seek postconviction relief.

Mr. McJunkins was first eligible for parole on November 17, 2023. *Doc. 2 at 20*. On October 2, 2023, after a hearing, the Board denied Mr. McJunkins parole for a two-year period, listing the seriousness of his crime and a law enforcement victim as reasons for the decision. *Id. at 21*.

Mr. McJunkins filed a petition asking the Board to reconsider. *Id at 22-24*. He argued, among other things, that under state statutes, his crimes did not warrant a two-year denial of parole, and the most he could receive was a one-year denial. *Id. at 23*.

On November 22, 2023, the Board denied Mr. McJunkins' petition, stating: "After due deliberation, the Board concluded that its prior decision was appropriate

and correct. The prior action stands." *Doc. 2 at 34*.

On December 22, 2023, Mr. McJunkins filed the § 2254 petition now before the Court (*Doc. 2*), asserting that the Board's decision violates Arkansas law and his federal right to procedural due process.

On January 30, 2024, Respondent filed a response (*Doc. 8*), arguing that alleged errors of state law are not cognizable in federal habeas, and Mr. McJunkins does not have a protected liberty interest in parole.[1]

On February 14, 2024, Mr. McJunkins filed a reply (*Doc. 10*), addressing Respondent's arguments in support of dismissal.

## III.   DISCUSSION

### A.   Federal Habeas Relief Unavailable for State Law Errors

The federal habeas statute permits a federal court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to [a state court judgment] only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has made clear that "federal habeas corpus relief does not lie for errors of state law."

---

[1] Respondent additionally argues that even assuming that Mr. McJunkins has a liberty interest in the prospect of parole, his due process claim is procedurally defaulted. *Doc 8 at 5-7*. Because Mr. McJunkins' due process claim clearly fails on the merits, it is unnecessary to address procedural default. See *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) (holding that while normally procedural issues should be resolved first, judicial economy sometimes dictates reaching the merits if the merits are more easily resolvable).

*Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990)). Mr. McJunkins' claim that the Board denied him parole in violation of Arkansas law is not cognizable in federal habeas and should be dismissed with prejudice.

### B. Due Process Claim Fails For Lack of Protected Liberty Interest

The first step in assessing Mr. McJunkins' procedural due process claim[2] is to determine whether he has been deprived of a protected liberty interest.[3] *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We first ask whether there exists a liberty or

---

[2] The Fourteenth Amendment's Due Process Clause forbids a state from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The Supreme Court has recognized that the Due Process Clause guarantees more than fair process and has a substantive component that bars certain government action regardless of the procedures employed. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998) (citing *Daniels v. Williams,* 474 U.S. 327, 331 (1986) and *Zinermon v. Burch,* 494 U.S. 113, 125 (1990)). "Analysis of either a procedural or substantive due process claim must begin with an examination of the interest allegedly violated, and the possession of a protected life, liberty, or property interest is a condition precedent to any due process claim." *Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999) (internal quotation marks and citations omitted). "[W]here no such interest exists, there can be no due process violation." *Id.* (internal quotation omitted).
   It does not appear that Mr. McJunkins invokes the substantive component of the Due Process Clause, but such a claim, if asserted, would also fail for lack of a constitutionally protected property or liberty interest.

[3] In his petition, Mr. McJunkins asserts that he is being subjected to "illegally prolonged physical incarceration/custody" (*Doc. 2 at 2*), words that evoke a denial of liberty. In his reply brief, however, he argues that his petition is "replete" with "property interest allegations." *Doc. 10 at 2.* "The hallmark of property, the [Supreme] Court has emphasized, is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'" *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982) (citations omitted). The Arkansas parole statute provides the Post-Prison Transfer Board with discretionary authority to grant parole. Ark. Code Ann. § 16-93-701(a)(1) (stating that the Post-Prison Transfer Board "may" release on parole any eligible inmate). Arkansas law, by creating the possibility of parole, confers no right or entitlement to parole. Thus, Mr. McJunkins also has no constitutionally protected property interest in being granted parole.

property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient."). If the answer is no, it is unnecessary to ask whether the procedures followed satisfied due process requirements because there is no basis for a due process claim.

A protected liberty interest may arise from the Constitution itself or from an expectation or interest created by state laws or policies. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). However, neither the federal Constitution nor Arkansas law provides Mr. McJunkins a protected liberty interest in parole.

First, the Supreme Court has held: "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout*, 562 U.S. at 220.

Second, "[t]hat the state holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11 (1979). A state's parole system may create a protectable liberty interest only if the "state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials." *Board of Pardons v. Allen*, 482 U.S. 369, 373-81 (1987); *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008).

The Arkansas parole statute provides: "The Post-Prison Transfer Board *may* release on parole any eligible inmate . . . when in the board's opinion there is a reasonable probability that the inmate can be released without detriment to the community or himself or herself and is able and willing to fulfill the obligations of a law-abiding citizen." Ark. Code Ann. § 16-93-701(a)(1) (emphasis added).

The Arkansas Supreme Court "has repeatedly held that there is no liberty interest in parole in Arkansas." *Wood v. Arkansas Parole Board*, 639 S.W.3d 340, 344, 2022 Ark. 30, 5 (2022) (citing *Null v. Ark. Parole Bd.*, 2019 Ark. 50, at 3, 567 S.W.3d 482, 483 (2019)). Likewise, the Eighth Circuit has held that the Arkansas parole statutes create only a possibility of parole, and confer no right to parole giving rise to a liberty interest. *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) ("Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions, and [the plaintiff] had no protectable liberty interest in having defendants follow their hearing policy.").

Because Mr. McJunkins has no constitutionally protected liberty interest in the possibility of being granted parole, his due process claim should be dismissed with prejudice.

### IV.  CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Petitioner Brent Charles McJunkins' § 2254 petition for writ of habeas

Corpus (*Doc. 2*) be DISMISSED with prejudice.

2.  A Certificate of Appealability ("COA") be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[4]

Dated 26 February 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] The COA should be denied because Mr. McJunkins has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).